STATE OF MINNESOTA *vs.* HENRY HACKETT.

November 30, 1891.

**Burglary Followed by Larceny—Separate Indictments.**—A person who, having entered any building under such circumstances as to constitute burglary in any degree, commits the crime of larceny therein, is punishable therefor as well as for the burglary, and may be prosecuted for each crime separately.

**Larceny—Sufficiency of Indictment.**—When, in an indictment for the crime of larceny, it is explicitly charged that the defendant feloniously took, stole, and carried personal property away from another person alleged to be the owner, the intent to deprive the true owner thereof is sufficiently and adequately alleged.

Appeal by defendant from an order of the district court for Ramsey county, *Egan*, J., presiding, refusing a new trial after conviction of grand larceny in the second degree on an indictment accusing him of that offence "committed as follows: The said Henry Hackett, on the 4th day of April, A. D. 1891, at the city of St. Paul, in this county, did wrongfully, unlawfully, and feloniously, in the nighttime of said day, take, steal, and carry away from and out of the room of one James W. Robinson, said room being then and there in and a part of a building situated on East Sixth street in said city, county, and state, the following described personal property, to wit: one gold watch of the value of twenty dollars and one gold chain of the value of five dollars, the same being then and there the personal property of said James W. Robinson, contrary to the form of the statute," etc.

*J. J. McCafferty*, for appellant.

*Moses E. Clapp*, Attorney General, and *T. D. O'Brien*, for the State.

COLLINS, J.    Defendant was convicted of the crime of grand larceny in the second degree, and appeals from an order refusing a new trial.    The essential allegations of the indictment were that in the night time of a specified day, and from and out of the properly described room of one Robinson, defendant wrongfully, unlawfully, and feloniously took, stole, and carried away certain personal property belonging to the last-named person, and of the value of $25.    At the proper time defendant entered a plea of *autrefois acquit*, and, for the purpose of determining the issue presented by a stipulation as to the facts, the state demurred to the plea.    From the stipulation it appeared that defendant had been twice indicted by the same grand jury.    One of these indictments was that above mentioned, while the other was for the crime of burglary in the first degree.    A trial was had upon the indictment last mentioned, resulting in an acquittal, wherein testimony was introduced tending to show that at the same time and place of the alleged burglary, defendant stole the property described in the pending indictment for larceny.    It also appeared from the stipulation that the testimony was produced for the purpose of proving an intent to commit, and the commission of, the crime of

burglary. While the facts which should have appeared in this plea of former acquittal were not lucidly set forth in the stipulation, we assume that the larceny and the alleged burglary were connected, and were but parts of the same transaction, so that the testimony in relation to the lesser crime was of the *res gestæ;* and we also assume that the acquittal was on the merits.

Section 393 of the Penal Code would seem to cover this case, were any statutory enactment necessary when the Code was adopted. This section provides that "a person who, having entered a building under such circumstances as to constitute burglary in any degree, commits any crime therein, is punishable therefor, as well as for the burglary, and may be prosecuted for each crime separately." Although declared by statute, this is no new statement of the law applicable to the case at bar. See 2 Hale, P. C. 245; 1 Bish. Crim. Law, § 1062; *State* v. *Warner,* 14 Ind. 572; *Wilson* v. *State,* 24 Conn. 57; *Bell* v. *State,* 48 Ala. 684; *People* v. *Garnett,* 29 Cal. 622. The reason is quite obvious. The commission of the crime of larceny is not necessarily included in that of burglary, and, when tried for the latter offence, the defendant could not have been convicted of the crime of larceny under any of the provisions of Gen. St. 1878, *c.* 114, § 19, or otherwise, notwithstanding the fact that testimony relative to the commission of that crime—undoubtedly because it was part of the *res gestæ*—had been produced. In 1 Bennett & Heard, Lead. Crim. Cas. (2d Ed.) 538, the following proposition was laid down after an examination of the authorities, viz.: A former conviction or acquittal of a higher offence is a bar to a prosecution for the same act charged as a less offence, if, on trial of the former, the defendant might have been upon any competent evidence legally convicted of the latter. The converse of this rule, as stated in the same authority, was approved by this court in *State* v. *Wiles,* 26 Minn. 381. This defendant was not in jeopardy a second time for the same offence, and the trial court was correct when sustaining a demurrer to the plea.

From the record before us it is not perfectly apparent that the objection now urged that the sufficiency of the indictment, because it failed to allege that the personal property described therein was

taken by defendant with the intent mentioned in that part of section 415 of the Code which defines the crime of larceny, was raised or even referred to in the court below; but, be that as it may, we are of the opinion that when in an indictment for the crime of larceny it is explicitly charged, as it was in the pleading now under consideration, that defendant feloniously took, stole, and carried the property away from the owner, the intent to deprive the true owner of it is sufficiently and adequately alleged. The remaining assignments of errors have no merit.

Order affirmed.