**Thomas Franklin CLEMAS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19738.**

United States Court of Appeals,
Eighth Circuit.

March 19, 1970.

Robert D. Hofer, of Stephens, Riter, Mayer & Hofer, Pierre, S. D., for appellant.

William F. Clayton, U. S. Atty., Sioux Falls, S. D., and John L. Augustine, Sp. Asst. U. S. Atty., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and HEANEY, Circuit Judges.

BLACKMUN, Circuit Judge.

On May 6, 1966, Thomas Franklin Clemas was charged in a four-count indictment with violations of 18 U.S.C. § 2115 and § 641 in that, on or about December 23, 1965, he forcibly broke into buildings used as post offices at Lebanon and Tolstoy, South Dakota, respectively, with intent to commit larceny therein, and, in each instance, stole property of the United States consisting of cash and postage stamps of a value in excess of $100. Thus there was a charge, as to each post office building, of both forcible entry with larcenous intent and of theft.

Clemas, with retained counsel, entered a plea of not guilty on each count. He was tried to a jury. A verdict of guilty on each of the four counts was returned. Judge Nichol imposed a sentence of three years on each count and specified that the sentences were to run consecutively. Clemas appealed, arguing only search and seizure issues. This court affirmed. Clemas v. United States, 382 F.2d 403 (8 Cir. 1967). Certiorari was denied. 390 U.S. 962, 88 S.Ct. 1064, 19 L.Ed.2d 1160 (1968).

On April 18, 1969, Clemas, now an inmate of Leavenworth, filed his motion under 28 U.S.C. § 2255 to vacate his sentences. Leave was granted to proceed in forma pauperis. Judge Nichol ruled on the motion without a hearing and denied it. However, he issued a certificate of probable cause, granted leave to appeal in forma pauperis, and appointed, as counsel for Clemas, a South Dakota attorney associated with the defense on the original prosecution. We treat the certificate of probable cause as a certificate of good faith under 28 U.S. C. § 1915(a). See In Forma Pauperis Appeals, 43 F.R.D. 343, 354 (1967).

In his brief here Clemas specifically "admits" that the entry of the Lebanon Post Office and the entry of the Tolstoy Post Office "are two separate and distinct crimes." The sole issue he now raises is that each theft count is duplicitous with the parallel forcible entry count and both "were part of [a] single

continuing act inspired by the same criminal intent essential to each offense. * * * " Thus,

he says, only one sentence may be imposed under the first and third counts and only one sentence may be imposed under the second and fourth counts, and "therefore the sentence should have been six years instead of twelve years." Reliance is placed on the following language in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):

" * * * The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

Clemas urges that the respectively paired counts "arose out of a single impulse of a continuing nature"; that the forcible entry charge "with intent to commit larceny necessarily includes the larceny charge"; that he twice has been placed in jeopardy "for the single impulse"; and that had he been acquitted of the forcible entry charge, he could not have been convicted of the larceny charge.

The complete answer to this argument lies in the wording of the two statutes and in the language quoted from Blockburger. Section 2115 concerns "Whoever forcibly breaks into * * * with intent to commit * * * any larceny or other depredation * * *." What is important and essential there is the forcible entry with felonious intent. The intended theft need not be effected; success is not an element of the crime. On the other hand, those portions of § 641 with which we are concerned here are directed at accomplished theft. Thus the distinction between the two statutes is the distinction between forcible entry with the requisite intent, on the one hand, and theft, on the other. Proof of the latter would necessarily be different from proof of the former and an acquit-

tal on the one charge is not necessarily inconsistent with a conviction on the other. Under § 641 theft must be proved; under § 2115 it need not be proved. Under § 2115 forcible entry of a post office must be proved; under § 641 it need not necessarily be proved.

The Blockburger language, which incidentally is that of a unanimous Supreme Court, carries forth this concept, namely, "the test * * * is whether each provision requires proof of a fact which the other does not."

But, beyond this analysis, it is fair to say that the issue Clemas raises is not new and that the law as to postal crimes has long been settled adversely to him. The controlling decision, which resolved theretofore existing conflict among the federal courts, is Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915), a case which concerned the then Penal Code's § 192 and § 190, the very antecedents of the present § 2115 and § 641. The summary of the argument made on behalf of the petitioners Devine and Pfeiffer, 237 U.S. at 633–635, 35 S.Ct. at 712, reveals that there, too, it was urged that the two offenses charged "were parts of the same continuing criminal act", that the "intent, in each case, was in fact the same", and that the defendants were doubly placed in jeopardy. A unanimous court, through Mr. Justice Day, with one Justice not participating, observed:

"We think it is manifest that Congress in the enactment of these sections intended to describe separate and distinct offenses, for in § 190 it is made an offense to steal any mail bag or other property belonging to the Post Office Department, irrespective of whether it was necessary in order to reach the property to forcibly break and enter into a post office building. * * * Section 192 makes it an offense to forcibly break into or attempt to break into a post office, with intent to commit in such post office a larceny or other depredation. This offense is complete when the post of-

fice is forcibly broken into, with intent to steal or commit other depredation. * * * If the forcible entry into the post office has been accomplished with the intent to commit the offenses as described, or any one of them, the crime is complete, although the intent to steal or commit depredation in the post office building may have been frustrated or abandoned without accomplishment. * * * It being within the competency of Congress to say what shall be offenses against the law, we think the purpose was manifest in these sections to create two offenses.

\* \* \* \* \* \*

" * * * [T]he test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the act of Congress." 237 U.S. at 638–640, 35 S.Ct. at 713–714.

See also Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915), and Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958).

This court, despite an opposing original stance, Munson v. McClaughry, 198 F. 72, 117 CCA 180 (8 Cir. 1912); O'Brien v. McClaughry, 209 F. 816, 820, 126 CCA 540 (8 Cir. 1913), has necessarily followed the rule enunciated in Morgan v. Devine. Morgan v. Sylvester, 231 F. 886, 888, 146 CCA 82 (8 Cir. 1916); Adams v. White, 31 F.2d 982 (8 Cir. 1929); Ammons v. King, 136 F.2d 318, 319–320 (8 Cir. 1943); Robinson v. United States, 142 F.2d 431 (8 Cir. 1944). To like effect are Macomber v. Hudspeth, 115 F.2d 114, 115–116 (10 Cir. 1940), cert. denied, 313 U.S. 558, 61 S.Ct. 833, 85 L.Ed. 1519; Doss v. United States, 158 F.2d 95 (5 Cir. 1946), aff'g 66 F.Supp. 243 (W.D.La.1946); Herndon v. United States, 207 F.2d 412 (4 Cir. 1953); and Smith v. United States, 312 F.2d 119, 120 (10 Cir. 1963). See Hensley v. United States, 156 F.2d

675 (8 Cir. 1946), and United States v. Lynch, 159 F.2d 198 (7 Cir. 1947).

We are in no position to change a rule of law which has been so consistently applied in the federal courts for over a half century pursuant to a controlling unanimous decision of the Supreme Court of the United States.

Affirmed.