STATE v. DWAYNE DALE DOEDEN.

245 N. W. 2d 233.

August 6, 1976—No. 46629.

---

*Warren Spannaus*, Attorney General, *Richard B. Allyn*, Solicitor General, *Kent G. Harbison*, Special Assistant Attorney General, and *John M. Lundblad*, County Attorney, for appellant.

*C. Paul Jones*, State Public Defender, and *Mollie G. Raskind*, Assistant State Public Defender, for respondent.

PER CURIAM.

This is a pretrial appeal by the state, pursuant to Rule 29.03, Rules of Criminal Procedure, from an order of the district court denying the state's motion to amend a criminal complaint. We reverse and remand.

Defendant was arrested and charged with possession of a firearm without a permit, Minn. St. 624.714, subd. 1, and being in actual physical control of a vehicle while under the influence, Minn. St. 169.121, subd. 1(a). The first of these offenses is a gross misdemeanor; the latter is a misdemeanor. At the start of the omnibus hearing, the state moved to amend the complaint to include a felony charge of violating Minn. St. 624.713, subd. 1(b), and subd. 2. Section 624.713, subd. 1(b), reads as follows:

"Subdivision 1. The following persons shall not be entitled to possess a pistol:

\* \* \* \* \*

"(b) A person who has been convicted in this state or elsewhere of a crime of violence unless ten years have elapsed since the person has been restored his civil rights or the sentence has expired, whichever occurs first, and during that time he has not been convicted of any other crime of violence. For purposes of this section, crime of violence includes crimes in other states or jurisdictions which would have been crimes of violence as herein defined if they had been committed in this state."

It was the state's contention that this statute applied to defendant since defendant had been convicted of a "crime of violence" as that term is defined in § 624.712, subd. 5, and 10 years had not elapsed since the expiration of defendant's sentence.

In denying this motion, the court adopted the position of the public defender that the statute was very poorly worded and that it did not apply to defendant since he did not have an unexpired sentence.

We agree that an ambiguity might arise if one were to look solely at that part of the statute which reads "unless ten years have elapsed since the person has been restored his civil rights or the sentence has expired, whichever occurs first." However, we think the statutory meaning becomes clear when one considers the concluding phrase of that sentence, "and during that time he has not been convicted of any other crime of violence." We believe that on reading the entire statute it is clear that the statute means that a person convicted of a violent crime may not possess a pistol during the 10 years following either the restoration of his civil rights or the expiration of his sentence, whichever comes first. This being so, we must hold that the district court erred in denying the motion on the ground stated.

Defendant contends that even if the district court erred in denying the motion on the ground stated, the denial should be sustained because under Rule 17.05, Rules of Criminal Procedure, the amendment would have been improper. Rule 17.05 provides as follows:

"The court may permit an indictment or complaint to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

We believe that this rule refers to motions to amend indictments or complaints after the commencement of trial. Under Rule 3.04, subd. 2, the district court was free at the omnibus hearing to permit amendment of the complaint so as to charge an additional offense. Rule 3.04, subd. 2, provides as follows:

"During pre-trial proceedings affecting any person arrested under a warrant or appearing in response to a summons issued upon a complaint, the proceedings may be continued to permit

a new complaint to be filed and a new warrant or summons issued thereon, provided the prosecuting attorney promptly moves for such continuance on the ground:

"(a) that the initial complaint does not properly name or describe the defendant or the offense with which he is charged; or

"(b) that on the basis of the evidence presented at the proceeding it appears that there is probable cause to believe that the defendant has committed a different offense from that charged in the complaint and that he intends to charge the defendant with such offense.

"If the proceedings are continued, the new complaint shall be filed and process issued thereon as soon as possible. In misdemeanor cases, if the defendant during the continuance is unable to post any bail which might be required under Rule 6.02, subd. 1, then he must be released subject to such non-monetary conditions as deemed necessary by the court under that Rule."

In conclusion, we believe that the district court erred in denying the state's motion to amend the complaint.

Reversed and remanded.