**John Paul STEELE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**CV76–L–16.**

United States District Court, D. Nebraska.

March 29, 1977.

Bruce D. White, Lincoln, Neb., for petitioner.

Jeffrey A. Bogue, Asst. U. S. Atty., Lincoln, Neb., for respondent.

### MEMORANDUM

URBOM, Chief Judge.

In April, 1975, in the District of Colorado, an indictment was filed charging that John Paul Steele, on or about February 16, 1975, "did possess with intent to convert to his own use and gain six altered United States Postal Money Orders . . . knowing said money orders to have been stolen," in violation of 18 U.S.C. § 500. In September, 1975, after a jury trial, Steele was convicted on that charge and sentenced to three years' imprisonment. In May, 1975, in the District of Nebraska, an indictment was filed charging that Steele, on or about January 26, 1975, "did forcibly break into a building used in part as a Post Office of the United States at Strang, Nebraska, John Paul Steele then intending to commit larceny in that part of the building then being used as a Post Office of the United States," in violation of 18 U.S.C. § 2115. In November, 1975, Steele pleaded guilty to this charge and was sentenced to a term of

three years' imprisonment to run consecutively to the Colorado sentence.

Steele has now filed a motion under 28 U.S.C. § 2255, seeking to have his Nebraska sentence vacated or modified on the ground that only one sentence or only concurrent sentences could properly have been imposed for the unlawful entry of the post office and the subsequent possession of stolen money orders. In its answer the United States concedes that the six money orders involved in the Colorado conviction were taken from the Strang post office in the burglary which was the subject matter of the Nebraska conviction. The motion is now before the court for disposition without an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings.

■ The movant does not premise his primary attack on the Fifth Amendment protection against being twice placed in jeopardy for the same offense; however, he does make some reference to that constitutional provision in his brief. Prior case law firmly establishes that, since each charge required proof of facts which the other did not, the second conviction did not violate the movant's rights under the double jeopardy clause. See *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Clemas v. United States,* 423 F.2d 461 (C.A. 8th Cir. 1970).

■ The movant's primary argument is that the second sentence was illegal, because Congress, by enacting one statute concerning the unlawful entry of a post office and another addressed to the knowing possession of stolen postal money orders, did not intend to allow separate or consecutive punishments of the successful post office burglar. The movant urges that whether consecutive sentences were authorized is to be determined by statutory construction and not simply by the mechanical application of the "same evidence" test cited by the government. That test is derived from the following language from *Blockburger v. United States, supra,* 284 U.S. at 304, 52 S.Ct. at 182:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

I agree that the question is one of statutory construction and that the second sentence was illegal unless consecutive sentencing under the two statutes here involved is consistent with the relevant legislative policy. See generally, *Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961); *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); *Gore v. United States,* 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). However, these cases and others cited by the movant are of little help in construing §§ 500 and 2115, because they deal with entirely different criminal statutes. See generally, *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957).

The case which is most pertinent to the present motion is *Morgan v. Devine,* 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915). There, the Supreme Court of the United States upheld the separate conviction and consecutive sentencing of a defendant for burglary of a post office and for larceny of government property taken in the burglary. The movant attempts to discredit *Morgan v. Devine* by arguing that in concluding that the separate sentences were proper the court was guided only by the same evidence test and did not consider, as later cases suggest a court must, whether Congress intended to authorize separate punishments for the two offenses. It is true that the primary issue before the court was whether the two convictions offended the double jeopardy clause and therefore the court did rely on the fact that each offense required proof of a fact which the other did not. However, I read the opinion as also determining, as a preliminary matter, that Congress did intend to authorize separate convictions and sentences for burglary of a post office and larceny arising out of the same criminal transaction.

"We think it is manifest that Congress in the enactment of these sections intended to describe separate and distinct offenses,

for in § 190 it is made an offense to steal any mail bag or other property belonging to the Post Office Department, irrespective of whether it was necessary in order to reach the property to forcibly break and enter into a post office building. The offense denounced by that section is complete when the property is stolen, if it belonged to the Post Office Department, however the larceny be attempted. Section 92 makes it an offense to forcibly break into or attempt to break into a post office, with intent to commit in such post office a larceny or other depredation. This offense is complete when the post office is forcibly broken into, with intent to steal or commit other depredation. It describes an offense distinct and apart from the larceny or embezzlement which is defined and made punishable under § 190. If the forcible entry into the post office has been accomplished with the intent to commit the offenses as described, or any one of them, the crime is complete, although the intent to steal or commit depredation in the post office building may have been frustrated or abandoned without accomplishment. And so, under § 190, if the property is in fact stolen, it is immaterial how the post office was entered, whether by force or as a matter of right, or whether the building was entered at all. It being within the competency of Congress to say what shall be offenses against the law, we think the purpose was manifest in these sections to create two offenses." *Morgan v. Devine,* 237 U.S. at 638–639, 35 S.Ct. at 713.

As recently as 1970 the Court of Appeals for the Eighth Circuit on the authority of *Morgan v. Devine* has upheld separate convictions and consecutive sentences for the unlawful entry of a post office and the larceny of government property arising out of the same burglary. See *Clemas v. United States,* 423 F.2d 461 (C.A. 8th Cir. 1970).

■ *Morgan v. Devine* and *Clemas v. United States* are distinguishable from the present case in that they involved burglary under § 2115 (or its predecessor) and larceny under § 641 (or a provision similar to § 641, which deals generally with the sub- ject of theft of government property), rather than burglary under § 2115 and knowing possession of stolen postal money orders under § 500. I do not regard the difference between the crimes of larceny of government property and knowing possession of stolen government property to be of any significance to a consideration of what application *Morgan v. Devine* and *Clemas v. United States* have to the present motion. Indeed, both § 641, which was involved in *Clemas,* and § 500, which is involved in the instant case, deal with the crimes of larceny and knowing possession of stolen property without any indication that there may be a relevant difference in the legislative policy as to the two crimes. Nor do I see that a reasonable distinction can be based on the fact that in *Morgan v. Devine* the larceny section dealt with property belonging to the post office department, in *Clemas v. United States* the section covered any government property, and in this case the section is concerned specifically with postal money orders. Each section appears to be independent of the burglary provision, which has not changed significantly since *Morgan v. Devine,* and there is no reason to believe that in passing either of the later larceny and illegal possession statutes Congress adopted a legislative policy which would affect the conclusion reached by the Supreme Court of the United States in *Morgan v. Devine* with respect to the authorized punishments for successful post office burglars. In short, I believe that *Morgan v. Devine* and *Clemas v. United States* require the conclusion that both the illegal entry and the larceny or unlawful possession may be consecutively punished.

The movant notes that prior to 1972, § 500 did not deal with possession of stolen postal money orders. He points to certain language in the legislative history of the 1972 amendment as evidence that Congress did not intend to create a new and additional punishment for post office burglars who were found in possession of the fruits of the burglary. See 1972 U.S.Code Cong. and Admin.News, pp. 3356–3361. The legislative history does generally support the movant's conclusion that, in adding provisions specifically making the theft, unlawful pos-

session, and unlawful receipt of postal money orders criminal, Congress was not primarily or even at all concerned with the burglary of post offices but rather with traffic in postal money orders by professional criminals. On this basis, the movant argues that there is an absence of the kind of clear legislative intent to pyramid punishments for a single criminal transaction which should be required before a court construes §§ 2115 and 500 to authorize consecutive sentencing of the successful post office burglar. See generally *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). The argument is unpersuasive precisely because Congress, in amending § 500, was concerned only with crimes relating specifically to postal money orders. The interplay between the provision making burglary of a post office illegal and any provisions, whether general or specific, dealing with larceny or unlawful possession of government property was not then under consideration. I believe that the holdings of *Morgan v. Devine* and *Clemas v. United States* survive unaffected by the fact that there is now a new provision available to prosecute those who steal or unlawfully possess certain property which may be taken in post office burglaries.