STATE of Minnesota, Respondent,

v.

Dean Peter ALEXANDER, Appellant.

No. 49058.

Supreme Court of Minnesota.

Jan. 11, 1980.

C. Paul Jones, Public Defender, Michael F. Cromett and Mary E. Steenson, Asst. Public Defenders, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App. Section, David W. Larson, Toni A. Beitz and Thomas A. Weist and Janeen E. Rosso, Asst. County Attys., Minneapolis, for respondent.

Heard before PETERSON, TODD, and SCOTT, JJ., and considered and decided by the court en banc.

TODD, Justice.

Dean Alexander was accused of participating in an armed robbery of a home. The occupants were held at gunpoint while various articles and money were taken. Alexander was charged with aggravated robbery. The trial was commenced, but Alexander's motion for mistrial was granted. Before a second trial commenced, the prosecution, without objection, added counts of burglary, two aggravated assaults, and unauthorized use of a motor vehicle to the original charge. Alexander was found guilty on all five counts and given consecutive sentences of 1–20 years on the aggravated robbery charge and the burglary charge. We affirm in part and reverse in part.

The evidence conclusively establishes that Alexander, along with two companions, participated in the armed robbery of a home. During the course of the robbery, the husband and wife occupants were held at gunpoint while various articles and money were obtained. While in the home, the robbers also took the keys to the family car. After leaving the home, the car was taken and subsequently abandoned.

Alexander was subsequently arrested and brought to trial on a charge of aggravated robbery. On January 23, 1978, a jury of 12 was impaneled without alternates. On January 24, 1978, one of the jurors failed to appear, and it was discovered that he had been arrested for driving while intoxicated. Alexander. was offered but declined the option of proceeding with 11 jurors. Instead, Alexander, with the acquiescence of the prosecution, moved for a mistrial. The trial court granted the motion.

Thereafter, prior to commencement of the second trial, the state amended the original complaint as set forth above. Alexander was found guilty on all five counts. Alexander did not at any time prior to his conviction object to the amended charges.

The issues raised are:

(1) Did the amendment of the complaint following mistrial violate defendant's protection against double jeopardy?

(2) Did the amendment of the complaint following mistrial deny defendant due process of law?

(3) Under the facts of this case, was aggravated assault a lesser included offense of aggravated robbery?

(4) Did defendant's conviction on five counts violate Minn.Stat. § 609.035, the single behavioral incident statute?

1. Alexander concedes that the double jeopardy clause does not preclude the state from retrying him on the originally charged offense of aggravated robbery because the mistrial was declared at his request. However, he claims that he was subjected to double jeopardy because the amended complaint allowed for the imposition of multiple sentences whereas, under the original com-

plaint, he could only receive one sentence for aggravated robbery.

The arguments of Alexander misconstrue the double jeopardy clause of the constitution. The prohibition of double jeopardy is not against all multiple punishments. It only applies to multiple punishments for the same offense. Clearly, the originally charged offense of aggravated robbery is not the same offense as the additionally charged offense of burglary for which he was sentenced.

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). A burglary and the crime committed after entering the building are not the same offense for purposes of double jeopardy. *State v. Biehoffer*, 269 Minn. 35, 129 N.W.2d 918 (1964); *State v. Minton*, 276 Minn. 213, 149 N.W.2d 384 (1967). Therefore, the state is not precluded from prosecuting a burglary and other crimes in separate complaints, *Steele v. United States*, 440 F.Supp. 266 (D.Neb.), *aff'd* 565 F.2d 1058 (8th Cir. 1977), *cert. denied* 434 U.S. 1050, 98 S.Ct. 901, 54 L.Ed.2d 803 (1978); and a court may impose consecutive sentences when a defendant is convicted of a burglary and a crime committed after entering the building. *Morgan v. Devine*, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915). Consequently, it was not improper for the state to add the count of burglary to the second prosecution, nor was it improper for the court to impose two consecutive 20-year sentences for the aggravated robbery and burglary convictions.

2. At defendant's first trial, a mistrial was declared at the request of defendant because one of the jurors was disqualified and there were no alternate jurors. Defendant argues that the amendment to the complaint adding new counts placed an impermissible burden on the right to have 12 jurors and, consequently, to have a mistrial. He contends that to permit such an amendment may cause a person to waive his right to a trial by a full jury.

Rule 17.05, Rules of Criminal Procedure, prohibits the amending of complaints to charge additional offenses after a trial has commenced. *State v. Doeden*, 309 Minn. 544, 245 N.W.2d 233 (1976). Defendant argues that, since the state could not have amended the complaint to add new counts during the first trial, it should not be allowed to so amend the complaint after mistrial. As the state suggests, the policies behind Rule 17.05 appear to be to protect against confusing the jury, violating due process notions of timely notice, and adversely affecting the trial tactics of the defense. In this case, there was no possibility of so disrupting a trial because the amendment occurred after mistrial. We find, therefore, that Rule 17.05 does not apply here. Instead, the instant situation is controlled by Rule 3.04, subd. 2, Rules of Criminal Procedure, which provides for the free amendment of a complaint prior to trial.

Defendant's reliance on the case of *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), to support his due process argument is misplaced. In *Blackledge*, the defendant was convicted of a misdemeanor assault in one court. He then exercised his statutory right to a trial *de novo* in another court. Before the second trial, the prosecutor substituted a more serious felony charge for the original misdemeanor charge. The felony and misdemeanor charges were both based on the same criminal act. The Supreme Court held that the substitution of the more serious offense was improper because it involved an impermissible appearance of prosecutorial vindictiveness or retaliation. *Blackledge* was distinguished from the fact situation in *Hardwick v. Doolittle*, 558 F.2d 292 (5th Cir. 1977), *cert. denied* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978). In that case, the defendant successfully appealed his conviction. Before retrial, the prosecution added new but distinct counts to the original com-

plaint. The Fifth Circuit weighed the right of the defendant to exercise his statutory right to an appeal against the need for prosecutorial discretion. The court concluded that a standard of "vindictiveness in fact" should be applied rather than the *Blackledge* standard of "appearance of vindictiveness." *Id.* at 301–302. *See also Jackson v. Walker*, 585 F.2d 139 (5th Cir. 1978). The *Hardwick* court remanded the case for the purpose of allowing the prosecutor to prove that his motive for adding counts to the indictment was not vindictive.

 In this case, the state did not increase the severity of the originally charged offense. The state added new and distinct counts to the complaint. Therefore, under *Hardwick*, a vindictiveness-in-fact standard applies to the instant matter. However, there is no need for a remand on this issue in this case because there is no possibility that vindictiveness was involved in the decision to amend the complaint. The state cannot be said to be retaliating against a defendant's challenge to a victory by the state as could have been the case in *Blackledge* and *Hardwick*. There was no victory as the first trial ended in a mistrial. Additionally, a different prosecutor, who was not involved in the first trial, amended the complaint and prosecuted the second trial. Thus, it is highly unlikely that a prosecutor who had had no prior contact with the case could have had any vindictive motive for amending the complaint.

 3. In its brief and at oral argument, the state conceded that, under the facts of this case, the two aggravated assault charges were lesser included offenses in the crime of aggravated robbery. Based on this concession, we vacate Alexander's two convictions for aggravated assault.

4. As discussed previously, there is no constitutional prohibition against prosecuting a criminal defendant in separate complaints for separate crimes arising out of the same incident. *Steele v. United States*, 440 F.Supp. 266 (D.Neb.), *aff'd* 565 F.2d 1058 (8th Cir. 1977), *cert. denied* 434 U.S. 1050, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978). However, Minn.Stat. § 609.035 (1978) expands on the notion of double jeopardy by providing:

Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

This statutory section prohibits multiple prosecutions and multiple punishments for offenses arising out of a "single behavioral incident." *State v. Krech*, 312 Minn. 461, 252 N.W.2d 269 (1977).

The purpose of the statute is to protect against exaggerating the criminality of a person's conduct and to make both punishment and prosecution commensurate with culpability.

312 Minn. at 465, 252 N.W.2d at 272.

Defendant argues that the state's action of adding new counts to the complaint after mistrial and bringing defendant to trial on these added counts violated the protection against multiple prosecutions and multiple punishments contained in § 609.035. Alexander's argument as to the burglary charge is without merit.

Alexander contends that *Krech* stands for the proposition that the state "waives" its right to add counts to a complaint by failing to charge them in the original complaint. In *Krech*, the state charged the defendant with felony and misdemeanor offenses in separate indictments. This court held that a plea of guilty on the misdemeanor charge precluded subsequent prosecution of the felony offenses. However, it was the plea of guilty and consequent conviction, rather than a waiver, which invoked the bar of § 609.035.

The burglary charge was added to the complaint after mistrial. Alexander was convicted on both the aggravated robbery and burglary charges and received two consecutive 20-year sentences for these convictions. Section 609.035 clearly permits multiple prosecutions and punishments for

these offenses. This statute is followed by a clause which reads:

> A prosecution for or conviction of the crime of burglary is not a bar to conviction of any other crime committed on entering or while in the building entered.

Minn.Stat. § 609.585 (1978).

 This court, when construing the predecessor of this statute, concluded that the statute authorizes serialized prosecutions for burglary and related offenses. *See State v. Robinson*, 262 Minn. 79, 114 N.W.2d 737, *cert. denied* 371 U.S. 815, 83 S.Ct. 26, 9 L.Ed.2d 56 (1962); *State v. Hackett*, 47 Minn. 425, 50 N.W. 472 (1891). Analogously, it must not have been improper for the state to add the count of burglary to the complaint in this matter. Furthermore, since the statutes allow for separate prosecutions and convictions for burglary and related offenses, it is implicit that separate punishments for these offenses are also allowable. While the statutes and the case law do not discuss this point, the exception in § 609.035 for the offense of burglary precedes the multiple punishment prohibition as well as the prohibition against multiple prosecution. Additionally, it would make no sense to permit separate prosecutions for these offenses but prohibit a separate sentence for the later tried offense. As the state points out, Minn.Stat. §§ 609.-035 and 609.585 appear to reflect the conclusion that multiple punishments in the case of burglary will not unduly exaggerate the culpability of a defendant's conduct.

 5. At oral argument, the state conceded that under the facts of this case the theft of the automobile was part of a single behavioral incident. Therefore, based on this concession, we vacate Alexander's conviction for unauthorized use of a motor vehicle.

Alexander's convictions and consecutive 1–20 year sentences for the crimes of aggravated robbery and burglary are affirmed. Alexander's two convictions for aggravated assault and for unauthorized use of a motor vehicle are vacated.

Affirmed in part; reversed in part.

WAHL, Justice (concurring in part, dissenting in part).

Not only should defendant's two convictions for aggravated assault and his conviction for unauthorized use of a motor vehicle be vacated, as the majority holds, the conviction for burglary should be vacated as well.

It is unconscionable that a defendant, to avail himself of his right under Minnesota law to be tried by a jury of twelve, must run the risk of facing four additional charges arising out of the same incident and end up with a maximum of 40 years instead of the maximum 20 years he could have received on conviction of the aggravated robbery with which he was charged at the first trial.

The state had all the facts concerning the Orman robbery and defendant's complicity in it before issuing the single-count complaint on which defendant was first tried. With knowledge of Minn.Stat. § 609.585, which makes possible convictions and consecutive sentences for both burglary and any other crime committed on entering or in the building entered, the state chose to proceed to trial on one count of aggravated robbery. During the course of that trial, through no fault of defendant, one of the jurors did not appear. In order to be assured of his right to a unanimous verdict by a jury of twelve, defendant moved for a mistrial, joined by the state. The court, agreeing that this was the "proper thing in the sense of justice," declared a mistrial.

The state issued two new complaints before the second trial, adding two counts of aggravated assault, one count of burglary, and one count of unauthorized use of a motor vehicle. On defendant's conviction on all charges, the court imposed two consecutive 1- to 20-year sentences. Defendant's assertion of his right to a jury of twelve resulted in a sentence twice what he might have received had he been found guilty at the first trial.

This court, in *State v. Holmes*, 281 Minn. 294, 161 N.W.2d 650 (1968), held that an appellant's right to appeal a conviction

could not be chilled by the imposition, on retrial, of a sentence more onerous than the one he initially received. The rule in *Holmes,* the court noted in *State v. Prudhomme,* 303 Minn. 376, 228 N.W.2d 243 (1975), was based on procedural fairness and principles of public policy, rather than on constitutional grounds. Those same principles of public policy, that same concern for procedural fairness apply with equal force to the case at bar. Regardless of what offenses might have been charged in the original or in a properly amended complaint, defendant should not be subjected to additional convictions and a double sentence for the exercise of so fundamental a right as trial by a jury of twelve. He should be convicted and sentenced on the aggravated robbery charge for which he was first partially tried and on that charge only.

OTIS, Justice (concurring in part, dissenting in part).

I join in the opinion of Justice WAHL.