Artis SCARBOROUGH,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 81–5904
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 23, 1982.

---

Artis Scarborough, pro se.

Stephen M. Crawford, Asst. U. S. Atty., Tampa, Fla., for defendant-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellant Artis Scarborough pled guilty to charges of assaulting a postal employee in violation of 18 U.S.C. §§ 111, 1114, 2114, 2. Although he later attempted to withdraw his guilty plea, this request was denied. As a result, Scarborough was sentenced to twenty-five years in prison. His conviction was affirmed by the former Fifth Circuit. *United States v. Scarborough*, No. 78–5482 (5th Cir. March 28, 1978) (per curiam). In July, 1981, Scarborough filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. His motion, styled in the form of an application for a Writ of Error Coram Nobis, asserts that newly discovered evidence of his insanity at the time of his offense and guilty plea supports vacation of his sentence. Scarborough now maintains that his actions were a product of Post-Vietnam Stress Syndrome and exposure to Agent Orange while he was stationed in Vietnam. He alleges further that he failed to raise an insanity defense at trial because he did not become aware of the effect of his combat experience on his mental condition until a psychiatrist evaluated him in 1981 in another collateral action. This claim is made despite his knowledge of a Navy medical report dated July 8, 1969 describing his anxiety reaction to combat and recommending a medical discharge. The district court denied collateral relief and refused to issue a certificate of probable cause for appeal.

To the extent that Scarborough maintains his guilty plea is a product of insanity, he impliedly challenges the trial court's failure to conduct a hearing on the issue of his sanity. When a court has "bona fide doubt" as to the defendant's competence, it must inquire *sua sponte* into whether the defendant is mentally able to stand trial. *Acosta v. Turner*, 666 F.2d 949, 954 (5th Cir. 1982) (Unit B); *see also Davis v. Alabama*, 545 F.2d 460 (5th Cir. 1977); *Nathaniel v. Estelle*, 493 F.2d 794 (5th Cir. 1974). The test for competency to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam); 18 U.S.C. § 4244. Here, the district court ordered that Scarborough be examined by a doctor, under the provisions of 18 U.S.C. § 4244, to determine if Scarborough could understand the nature of the proceedings against him. Because the doctor's report failed to suggest "any state of present insanity or mental incompetence," the court determined

that Scarborough was competent to stand trial in an order dated 20 March 1978. On 31 March 1978, Scarborough pled guilty.

 In light of the fact that the medical report gave no indication of incompetency to stand trial, the court had no reason to have the "bona fide doubt" sufficient to prompt a hearing in the matter. Moreover, the fact that the court was aware of Scarborough's 1969 medical discharge and report, does not alter our conclusion. *Nathaniel v. Estelle*, 493 F.2d 794, 797 (5th Cir. 1974). The discharge report was nine years old at the time of trial. In addition, nothing in the Navy's report suggests that Scarborough would be unable to understand trial proceedings. To the contrary, the report concludes: "He is capable of being discharged into his own custody, does not represent a threat to himself or others, and is not likely to become a public charge. He is capable of handling his own affairs."[1] For these reasons, the court's failure to conduct a hearing on the issue of competency to stand trial will not support a claim for collateral relief. *See United States v. Frady*, —— U.S. ——, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982).

Likewise, we refuse collateral relief on the basis of Scarborough's claim that he was insane at the time of the offense. Because of the existence of the 1969 medical report, we are not convinced that Scarborough only recently became aware of a possible defect in his medical condition. His Navy discharge report sufficiently delineates the symptoms and causes of his combat stress and even suggests that the effects may be permanent. Although Scarborough and his attorney were aware of the report, no mention ever was made of a possible insanity defense. The defense therefore was waived. *See* Fed.R.Crim.P. 12.2; *United States v. Caplan*, 633 F.2d 534 (9th Cir. 1980).

Notwithstanding the 1969 report, Scarborough urges us to consider a 1981 psychi-

atric evaluation made by an individual doctor in relation to a collateral attack of an earlier conviction. Based on a two hour interview with Scarborough, however, the 1981 evaluation does nothing more than describe the same anxiety reactions which appear in the 1969 report. Although the 1981 opinion makes some sweeping statements, it is inconclusive in that it merely raises a question as to whether Scarborough was fully competent in 1970 when he committed his first offense and just one year after his medical discharge.

For these reasons, the district court order denying collateral relief is

AFFIRMED.

---

1. The doctor appointed to examine Scarborough also considered the medical discharge and related report in reaching his conclusion that Scarborough was competent to stand trial.