**UNITED STATES of America, Plaintiff,**

v.

**Patrick A. NORQUAY, Defendant.**

**Crim. No. 6–88–98.**

United States District Court,
D. Minnesota,
Sixth Division.

Jan. 18, 1989.

Lynn A. Zentner, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff.

Daniel M. Scott, Federal Public Defender, Minneapolis, Minn., for defendant.

**ORDER**

DEVITT, District Judge.

The defendant has moved for dismissal of the indictment or, in the alternative, for credit for time served in state incarcera-

tion. Based upon the submitted memoranda, oral argument of counsel and all records, files and proceedings herein, the motion is denied.

Defendant is a member of the Red Lake Band of Chippewa Indians. He was arrested on September 22, 1988, after forcibly entering a garage in Redby, Minnesota. Five days later defendant was convicted in Red Lake Tribal Court of receiving stolen property, malicious mischief and theft. The theft and malicious mischief charges arose out of defendant's actions in connection with the garage in Redby. All three convictions were misdemeanor convictions.

A federal indictment was returned against defendant on November 9, 1988, charging him with burglary in the second degree. The charges of the indictment arise out of the incident at the Redby garage.

Defendant alleges that the indictment must be dismissed on double jeopardy grounds. Essentially, defendant argues that under a 1886 agreement between the federal government and the Red Lake Band, the tribe surrendered its inherent sovereign authority to prosecute crimes. Consequently, argues defendant, the authority exercised by the Red Lake Tribal Court is derived from the federal government and the court operates as an arm of the federal government. The defendant concludes that a subsequent prosecution by a federal district court would be prosecution under the same sovereign authority exercised in the tribal prosecution and would violate the constitutional prohibition of being twice placed in jeopardy for the same offense. The defendant relies on dicta in *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978), to support its argument that once surrendered, an Indian tribe cannot regain its semi-sovereign status and independent sovereign authority to prosecute crimes.

The government argues in response that the theft and malicious mischief convictions are not lesser included offenses of the burglary charge, thus double jeopardy is not an issue. The government also argues that the Red Lake Tribal Court prosecution and the federal prosecution do not stem from the same sovereign authority because the Red Lake Band of Chippewa did not surrender its inherent authority to prosecute offenses to another sovereign.

The defendant is charged with violation of the Indian Major Crimes Act and a Minnesota statute. The Indian Major Crimes Act, codified at 18 U.S.C. § 1153, provides for punishment of numerous crimes if committed by an Indian within Indian country. The enumerated crimes include burglary.

The Act further provides that the enumerated crimes shall, in the absence of applicable federal law, be defined by state law. Because there is no general federal definition of burglary, Minn.Stat. § 609.582, which defines burglary, is applicable here.

■ The offense with which defendant is charged, second degree burglary, is defined as entry into a building without consent, and with the intent to commit a crime therein, while being in possession of a tool to gain access to money or property. Minn.Stat. § 609.582 Subd. 2(d). The offense of theft is defined in the tribal code as taking the property of another with the intent to steal that property. Red Lake Tribal Code, Chapter 2, Tribal Offenses, Section 66. The offense of malicious mischief primarily addresses property damage. Defendant has not demonstrated that the offenses of malicious mischief and theft are lesser included offenses for the offense of burglary. Indeed, existing Minnesota law suggests that this is not the case. See, *State v. Minton*, 276 Minn. 213, 149 N.W. 2d 384, 386 (1967) (Proof of offense of burglary does not constitute proof of theft); *State v. Alexander*, 290 N.W.2d 745 (Minn.1980). Thus, there has been no showing that double jeopardy concerns are raised by the subsequent federal prosecution.

■ Even assuming the tribal offenses are lesser included offenses, defendant's argument that the Red Lake Tribal Court and federal government exercise prosecutorial authority derived from the same sover-

eign cannot be accepted. The 1886 agreement which defendant argues acted to surrender the Red Lake Band's sovereign authority to punish crime was never adopted by Congress and has no legal effect. See Note, *Minnesota's Chippewas: Treaties and Trends,* 39 Minn.L.Rev. 853, 860 (1955). Consequently, even under defendant's reading of *United States v. Wheeler,* 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978), the tribal and federal prosecutions are brought by separate sovereigns and are not for the same offense for purposes of the Double Jeopardy Clause.

Accordingly, defendant's motion is DENIED.