STATE of Minnesota,
Petitioner, Appellant,

v.

Dennis H. BLUHM, Respondent.

No. CX–89–1426.

Supreme Court of Minnesota.

Aug. 31, 1990.

Hubert H. Humphrey, III, Atty. Gen., Louise T. Donne, Sp. Asst. Atty. Gen., St. Paul, and Paul G. Morreim, Freeborn County Atty., Albert Lea, for appellant.

Deborah Ellis, Thomson & Ellis, Ltd., St. Paul, for respondent.

**COYNE, Justice.**

The court of appeals in its decision in this case vacated the conviction of defendant, Dennis Bluhm, of sale of 10 grams or more of cocaine and the court remanded for sentencing on the less serious offense of sale of less than 10 grams of cocaine. 457 N.W.2d 256. We agree that defendant's conviction must be vacated but, because our analysis differs from that of the court of appeals, we conclude that the appropriate relief is to remand and give the state the option of either retrying the defendant on the charge of sale of 10 grams or more or of sentencing defendant on the less serious offense of sale of less than 10 grams of cocaine.

Defendant was charged by complaint with selling cocaine to one Lawrence R. Peterson in Albert Lea. The complaint clearly stated that the amount sold was an ounce, which is 28 grams. The offense description part of the complaint also stated that defendant sold an ounce of cocaine. Sale of that much cocaine is a 20–year felony. However, the complaint, prepared by a local prosecutor, cited the section of the statute that covers sales of lesser amounts of cocaine and it described the maximum sentence as 15 years.

The special assistant attorney general who was called in to try the case for the state discovered during jury selection that there was a discrepancy between the facts stated in the complaint and the charge. She immediately moved to amend the complaint to charge defendant with the greater charge, the one appropriate to the facts. Defense counsel objected and asked for a continuance if the motion was granted. The trial court allowed the amendment and denied a continuance. The trial court denied a defense request to instruct the jury that sale of 10 grams or more was an element of the amended offense. The trial court reasoned that the offense was sale of cocaine and that whether the amount sold was less than 10 grams, on the one hand, or 10 grams or more, on the other hand, was a matter that related only to sentencing.

Defendant was convicted of the sale of cocaine and sentenced to a sentence appropriate when one has sold 10 grams or more.

The court of appeals, ruling that the trial court erred in granting the amendment and erred in its instructions, vacated the conviction of the greater offense and remanded for resentencing on the lesser offense. We granted the state's petition for review.

We agree with the state that the court of appeals' opinion misreads Minn.R.

Crim.P. 17.05 and the cases interpreting it. Rule 17.05 provides that the trial court "may permit an indictment or complaint to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." As we stated in *State v. Doeden*, 309 Minn. 544, 546, 245 N.W.2d 233, 234 (1976), "this rule refers to motions to amend indictments or complaints after the commencement of trial." Under Minn.R.Crim.P. 3.04, subd. 2, the trial court is relatively free to permit amendments to charge additional offenses before trial is commenced, provided the trial court allows continuances where needed. Rule 17.05 comes into play once jeopardy has attached—that is, once the jury is sworn. We agree with the state that since jeopardy had not attached the trial court was free to allow an amendment charging an additional or greater offense.

■ We agree with the court of appeals, however, that the trial court erred in not instructing the jury that one of the elements was sale of cocaine weighing 10 grams or more. Our decision in *State v. Olson*, 379 N.W.2d 524, 526 (Minn.1986), makes this clear, because we there said, when speaking of the legislature's classification scheme for receiving stolen property, that "The legislature clearly contemplated that the jury would determine the value of the property within this classification scheme." The same holds true with respect to the classification scheme for sale of cocaine.

■ In view of our analysis, the appropriate relief is not to reverse the greater conviction outright but to reverse and remand to the trial court, giving the state the option of either retrying defendant on the offense of sale of 10 grams or more of cocaine or of having the trial court sentence defendant on the less serious offense of sale of less than 10 grams of cocaine.

Affirmed in part; reversed in part and remanded to trial court.