**UNITED STATES of America**

v.

**Juan ALBA.**

**Crim. No. HCR 87–127–1.**

United States District Court,
N.D. Indiana,
Hammond Division.

Jan. 21, 1994.

Scott King, Gary, IN, for petitioner.

Kevin Milner, Asst. U.S. Atty., Dyer, IN, for U.S.

### *ORDER*

MOODY, District Judge.

■ Defendant Alba, seeking to appeal this court's denial of his motion pursuant to 28 U.S.C. § 2255, has asked this court to issue a certificate of probable cause. Is issuance of a certificate of probable cause a necessary prerequisite to the appeal?

As relevant to this question, 28 U.S.C. § 2255 states: "[a]n appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus." If this language simply authorizes an appeal, everything after the word "motion" is surplusage. Thus, "as from a final judgment on application for a writ of habeas corpus" can be read as specifying the relevant procedure. Since appeal from final judgment in a habeas corpus proceeding requires issuance of a certificate of probable cause, 28 U.S.C. § 2253,

it would then seem that the same is required in a § 2255 proceeding. It is this court's experience that the certificate is routinely requested, and allowed or denied, in § 2255 proceedings, and examples confirming this belief abound.[1]

Skepticism as to the requirement can also be found, however.[2] The skeptics have eminent support. In 1967, Justice Blackmun, then a Circuit Judge for the Eighth Circuit, delivered a presentation at the Eighth Circuit Judicial Conference entitled "Allowance of In Forma Pauperis Appeals in § 2255 and Habeas Corpus Cases," published at 43 F.R.D. 343 (1967). In considering the "as from" reference to habeas corpus appeals in § 2255 discussed above, Justice Blackmun concluded:

> On its face, therefore, § 2255 refers us back to the habeas corpus situation. However, since the petitioner is not complaining of detention arising out of process issued by a state court, the probable cause requirement of the habeas statute § 2253 has no application. Thus for the in forma pauperis § 2255 appeal, the only limitation is that of § 1915 centering in "good faith".
>
> . . . .
>
> Thus, if there is a distinction between "probable cause" (§ 2253) and "good faith" (§ 2255), a § 2255 matter rests on the lower standard of mere good faith.

*Id.* at 354.

Because of the lower standard, the distinction is of some importance. District courts in this circuit were recently reminded of their obligation as "case-deciding, not case-processing," institutions to refrain from applying an inappropriately high standard to requests for probable cause certificates in habeas corpus cases. *Cuppett v. Duckworth,* 8 F.3d 1132, 1149 (7th Cir.1993) (Ripple, J., concurring). If "probable cause" is not the test for a § 2255, then an inappropriately high standard is being applied.

---

1. See, e.g., *United States v. Merchant,* 731 F.2d 186, 189 (4th Cir.1984); *Scarborough v. United States,* 683 F.2d 1323, 1324 (11th Cir.1982); *Causey v. Civiletti,* 621 F.2d 691, 692 (5th Cir. 1980); *Adiatu v. United States,* 1993 WL 113297 (E.D.NY.1993); *United States v. Peralta,* 1992 WL 331270 (S.D.N.Y.1992); *United States v. Mitchell,* 312 F.Supp. 515 (E.D.Va.1970).

2. *Burger v. United States,* 454 F.2d 723, 724 n. 1 (5th Cir.1972); *Clemas v. United States,* 423 F.2d 461 (8th Cir.1970); *United States v. Franco,* 1993 WL 346218 (N.D.Ill.1993).

Moreover, the distinction has a considerable practical consequence. As a prerequisite to an appeal, the petitioner in a habeas proceeding must request a certificate of probable cause. In contrast, "a party who has been permitted to proceed in an action in the district court in forma pauperis ... may proceed on appeal in forma pauperis **without further authorization** unless, before or after the notice of appeal is filed, the district court shall certify that the appeal is not taken in good faith ..." F.R.App.P. 24(a) (emphasis added); 28 U.S.C. § 1915(a) (appeal may not be taken in forma pauperis "if the trial court certifies in writing that it is not taken in good faith"). No corresponding requirement exists for the trial court to authorize the appeal by certifying that the appeal *is* in good faith. Thus, under § 2255, unlike in a habeas corpus proceeding, an appeal can be taken (if the petitioner is in forma pauperis) without need to seek any prerequisite finding by the district court.

■ In the present case it is unnecessary to definitively resolve which standard should be used because, applying the lower § 1915 standard, this appeal is not in good faith; ipso facto, the higher "probable cause" standard would not be met. In reaching this decision this court is mindful, as alluded to above, of Judge Ripple's concern that there is a "growing tendency in some of the district courts of this circuit to measure such applications [for certificates of probable cause], either explicitly or implicitly, by an inappropriately high standard." *Cuppett*, 8 F.3d at 1149. Applying an "I got it right the first time, so your appeal is not in good faith" test to every in forma pauperis appeal would not only follow that tendency, but also fail to comply with Rule 24 of the Appellate Rules ("district court shall state in writing the reasons" for certifying that the appeal is not in good faith).

At the same time, if careful consideration has been given to the matter in the first instance, the district court is in the best position to know if there is room for disagreement as to its decision. In that posture, the district judge should not, as a matter of routine, assume that every appeal from a denial of a § 2255 motion, because the motion required careful analysis, is in good faith:

Although no district judge likes to pass upon the correctness of his own decisions, it is his duty, if he is thoroughly convinced that there is no substantial question for review and that an appeal will be futile, to certify that the appeal sought to be taken in forma pauperis is not taken in good faith.... We say this not to relieve ourselves of the burden of reviewing cases which have no merit, but to relieve those who are required to resist such appeals of unnecessary trouble and expense.

*Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir.1952).

Defendant asserts that he has "raised a substantial issue concerning whether his guilty plea was voluntary or coerced."[3] This court strongly disagrees. As explained in the order denying defendant's § 2255 motion, there are reasons to doubt that the threats defendant alleges were in fact made.

Even assuming they were, defendant persisted in pleading not guilty after the first threat until his motion to suppress crucial evidence against him was denied. At that point he alleges a second threat was made; nevertheless his change of plea was conditioned on the right to appeal the denial of his motion to suppress. This course of conduct is totally inconsistent with defendant's claim that the threats coerced his plea. Defendant therefore has no possibility whatsoever of overcoming the strong presumption that his plea was voluntary created by his testimony under oath in open court to that fact.

For the above reasons, this court **CERTIFIES** that defendant Alba's appeal is not taken in good faith and, although perhaps not necessary, **DENIES** his request for a certificate of probable cause.

**SO ORDERED.**

---

**3.** In his request for a certificate of probable cause Alba has made no reference to the other issues raised in his motion. For that reason the court assumes he does not wish to pursue those issues on appeal. As explained in the order denying Alba's § 2255 motion, those issues are, in any event, meritless.