STATE v. MICHAEL J. McDONOUGH.

225 N. W. 2d 259.

January 10, 1975—No. 44796.

*John E. Daubney,* for appellant.

*R. Scott Davies,* City Attorney, and *A. Keith Hanzel* and *Stephen C. Aldrich,* Assistant City Attorneys, for respondent.

PER CURIAM.

Defendant was convicted of speeding after a trial without a jury in St. Paul municipal court. The evidence against defendant consisted of testimony by the arresting officer that the radar speedmeter which he operated clocked defendant's car at 56 miles per hour in a 30-mile-per-hour zone, and that on the basis of his personal observation, he estimated defendant's speed in excess of 50 miles per hour. On this appeal from judgment of conviction, defendant contends that there was insufficient evidence that the officer had properly tested the accuracy of the radar speedmeter and that absent such testing, there was insufficient evidence to support the verdict. We affirm.

In claiming that there was insufficient evidence that the radar speedmeter was properly tested for accuracy, defendant relies upon State v. Gerdes, 291 Minn. 353, 191 N. W. 2d 428 (1971). In that case this court, reversing a speeding conviction based solely upon a radar speedmeter reading, held that the court below had properly taken judicial notice of the reliability of radar speedmeters but that the court had erred in finding the defendant guilty because the prosecution had not sufficiently shown that the speedmeter reading upon which the conviction was based was accurate. This court stated that the requisite conditions for proving the accuracy of a radar speedmeter were:

"(1)   The officer reading the device must have adequate training and experience in its operation;

"(2)   The officer should testify to the manner in which the unit was set up and the conditions under which it was used;

"(3)   A showing must be made that the machine was

operated with a minimum possibility of distortion from such external interference as noise, neon lights, high-tension powerlines, high power radio stations, and other similar influences; and

"(4) On the occasion when the machine is set up, its accuracy must be tested in some external manner by a reliably calibrated tuning fork or by an actual test run, using another vehicle with an accurately calibrated speedometer." 291 Minn. 359, 191 N. W. 2d 432.

The court held that in the case before it the prosecution had not met the fourth condition since the officer had tested the accuracy of the machine only with a tuning fork that was an integral part of the machine.

In our case the officer, prior to using the machine on the night in question, checked the accuracy of the machine by using two tuning forks, one internal and one external, both calibrated by the manufacturer to register readings of 65 miles per hour on the radar speedmeter. Defendant contends that this was insufficient even though both forks produced readings of 65 miles per hour on the speedmeter because (a) Gerdes says one should not use an internal tuning fork to test a machine's accuracy, and (b) there was no evidence that the external tuning fork had been "reliably calibrated."

After careful consideration, we hold that the internal tuning fork in this case, calibrated as it was to the same speed as the external tuning fork, served as an adquate check on the accuracy of the external tuning fork, and that therefore the prosecution did satisfy the requirement of showing that the external tuning fork used was reliably calibrated. This holding is not meant in any way to alter our holding in Gerdes. All that we are saying is that an internal tuning fork, while not an adequate check on the accuracy of the speedmeter, serves as an adequate check upon the accuracy of an external tuning fork where both the internal and external tuning forks are calibrated by the manufacturer to register (and in fact do register) the same speed on the speedmeter.

In view of our holding, we do not need to reach defendant's contention that absent sufficient testing of the speedmeter's accuracy in this case, there was insufficient evidence to convict.

Affirmed.