### In the Matter of the WELFARE OF T.J.D.

### No. C6–84–237.

Court of Appeals of Minnesota.

July 10, 1984.

Malone & Mailander, Slayton, for appellant.

Merlyn D. Anderson, Slayton, for respondent.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant T.J.D. was convicted in juvenile court of speeding in violation of Minn. Stat. § 169.14 (1982). He was fined $30.00 and a $3.00 surcharge. On appeal he contends the evidence was insufficient to support his conviction. We disagree and affirm.

## FACTS

On September 10, 1983 Officer Duane Duis of the Murray County Sheriff's De-

partment was on patrol in Iona, Minnesota. While approximately one-half block from the main street, Highway 267, he heard loud engine noises. He observed a white Trans Am or Camaro and a black Trans Am or Firebird proceeding north on main street. Duis determined the white car was speeding, traveling about 50 miles per hour in a 30 miles per hour zone. He did not see the license number of the white car or its driver, but he suspected T.J.D. was the offender. He followed the two cars and radioed for assistance. Duis described the white vehicle as a "white Camaro, possibly a white Trans Am, possibly driven by [T.J. D.]". Duis eventually stopped the black car and radioed back that he believed the driver of the white vehicle to be T.J.D.

Officer Wes Dalby received Duis' communication and proceeded to Highway 267. About six miles north of Iona city limits, Dalby spotted a white Trans Am traveling north on Highway 267. Dalby knew that T.J.D. usually drove a white Trans Am. He stopped the car and determined it was being driven by T.J.D. Dalby then escorted T.J.D. back to Duis who issued T.J.D. a citation for speeding.

## ISSUE

Does the evidence support the trial court's finding that appellant violated the basic speed law?

## ANALYSIS

1. Trial courts' findings are entitled to the same weight as a jury verdict. In reviewing the sufficiency of the evidence we must ascertain whether, given the facts and record and legitimate inferences that can be drawn, a court could reasonably conclude the defendant was guilty of the offense. *State v. Gardin*, 251 Minn. 157, 161, 86 N.W.2d 711, 715 (1957); *State v. Thurmer*, 348 N.W.2d 776, at 778 (Minn.Ct. App.1984).

At the trial Officers Duis and Dalby both testified. Appellant argues that Duis' testimony that the white vehicle was speeding lacked credibility. It is well settled, however, that even a lay person can testify regarding the speed of an automobile when there is some observation providing a basis for the testimony. *Schlukebier v. LaClair*, 268 Minn. 64, 72, 127 N.W.2d 693, 698 (Minn.1964). The officer's credibility as a witness is a matter for the finder of fact. *See State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980). There was no evidence rebutting Duis' testimony that the car had been speeding.

2. The crucial question is whether the evidence reasonably supports the finding that appellant was the driver speeding in the white car. Appellant suggests Duis' observation of a white Trans Am or Camaro and his suspicion that it was appellant's is a mere guess. This may be, but it is not an essential element of proof that a detailed description of the car, its license plate, or its occupants be obtained in every case to support a conviction for speeding. *See generally State v. Intihar*, 277 Minn. 222, 152 N.W.2d 315, 316–17 (1967).

The speeding white Trans Am was seen by Duis heading north on Highway 267, an open country highway. A short time later, Officer Dalby spotted a white Trans Am heading north on Highway 267. He recognized the car and the driver immediately. There was no indication of any other occupants when Dalby spotted the car. This constituted sufficient corroboration it was the same speeding car seen by Duis.

3. Appellant points to inconsistencies of Duis' description of the car as either a Trans Am or a Camaro. This is a slight discrepancy but these vehicles are similar in shape and design. Although there is a possibility that other cars of a similar description could have entered or exited Highway 267 on the stretch between Iona city limits and where Dalby entered Highway 267, the trial court's findings are reasonably supported by the evidence.

4. Appellant's final contention is he did not violate the speeding provisions of Minn.Stat. § 169.14 because there was no evidence he actually endangered the

public safety. The specific language of the statute does not require danger to the public:

> Subd. 1. Basic Rule. No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

> Subd. 2. Speed Limits. Where no special hazard exists the following speeds shall be lawful, but any speeds in excess of such limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful; except that the speed limit within any municipality shall be a maximum limit and any speed in excess thereof shall be unlawful:

> (1) 30 miles per hour in an urban district;
> * * * *

Minn.Stat. § 169.14 (1982).

## DECISION

Appellant's conviction for speeding is supported by the evidence and is affirmed.

Affirmed.