**STATE of Minnesota, Respondent,**

v.

**Harvey O. DOW, Appellant.**

**No. C5–83–1529.**

Court of Appeals of Minnesota.

July 31, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Jerome Filla, White Bear Lake, for respondent.

Harvey O. Dow, pro se.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., without oral argument.

## OPINION

RANDALL, Judge.

Appellant Harvey Dow was convicted of speeding after a court trial. The evidence against him consisted of testimony by the arresting officer that the radar speedometer which he operated clocked appellant's car at 66 miles per hour in a 55 mile per hour zone. In addition, on the basis of his personal observation, he estimated appellant's speed at about 70 miles per hour. Appellant, acting pro se, contends the radar speedometer was inaccurate. We affirm.

## FACTS

On July 27, 1983, Trooper Vernon Wehage was driving northbound on Highway 35W using a radar unit to detect the speed of vehicles traveling southbound on 35W. The posted speed limit is 55 miles per hour. He observed a vehicle going south at about 70 miles per hour, in his estimate. The radar unit indicated the car was going at 66 miles per hour. The car was then stopped and appellant was cited for speeding.

At the court trial, Trooper Wehage testified that he was a certified radar operator, having received both classroom and field training. He was familiar with the radar device used, the KR–10, and had been instructed regarding the circumstances which may cause distortion and how distortions are detected.

When Wehage began his shift, he checked the accuracy of the radar unit by performing internal and external tests. The external tests consisted of a calibrated tuning fork, last tested for accuracy on June 9, 1983, and a calibrated speedometer of his squad car, last tested for accuracy on May 4, 1983. After his shift, he again tested the radar unit for accuracy and both the internal and external tests indicated it was working properly. Appellant was convicted of speeding and fined $30.

## ISSUE

Was the evidence of the radar unit results properly admitted at trial?

## ANALYSIS

Radar speedometer results are reliable if the unit is properly tested and operated. *State v. Gerdes*, 291 Minn. 353, 191 N.W.2d 428 (1971). Before radar results are admissible, however, the following conditions must be met:

In any prosecution in which the rate of speed of a motor vehicle is relevant, evidence of the speed as indicated on radar or other speedalyzer devices is admissi-

ble in evidence, subject to the following conditions:

(a) The officer operating the device has sufficient training to properly operate the equipment;

(b) The officer testified as to the manner in which the device was set up and operated;

(c) The device was operated with minimal distortion or interference from outside sources; and

(d) The device was tested by an accurate and reliable external mechanism, method, or system at the time it was set up. * * *

Minn.Stat. § 169.14, subd. 10 (1982). *See Gerdes,* 291 Minn. at 359, 191 N.W.2d at 432.

 The record indicates these conditions were met: (a) Trooper Wehage had sufficient training to properly operate the equipment; (b) Trooper Wehage testified as to the manner that the unit was set up and the conditions under which it was used; (c) there were no outside sources of interference with the use of the unit; and (d) the unit was tested properly both internally and externally. *See State v. McDonough,* 302 Minn. 468, 225 N.W.2d 259 (1975). The external methods, consisting of a tuning fork and a calibrated speedometer on the squad car, were used to check the accuracy of the unit.

Appellant contends the device was inaccurate because it may have been subject to outside interference of powerlines, signs or a mobile home park. Although appellant stressed this argument throughout the trial, the trial court found him guilty of speeding. The record supported this determination. *See In the Matter of the Welfare of T.J.D.,* 351 N.W.2d 382 at 380 (Minn.Ct.App.1984).

 Appellant was provided with a copy of the test record, the certificates of accuracy for the tuning forks and the radar unit antennae, a certificate showing Trooper Wehage was a radar operator, radar unit log sheets indicating the test results, and the speedometer test results for Weh-

age's squad car. He contends he should have been given a copy of the radar training manual. Appellant fails to cite a reason why he was entitled to a copy of this manual. We conclude his conviction should not be reversed because of the failure to provide him with this manual.

## DECISION

The radar unit results were properly admitted under Minn.Stat. § 169.14, subd. 10.

Affirmed.

POPOVICH, C.J., took no part in the consideration or decision of this case.