STATE of Minnesota, Respondent

v.

Steven Scott MANLEY, Appellant,

No. C9–83–1517.

Court of Appeals of Minnesota.

Aug. 21, 1984.

**650**

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, St. Paul, Richard L. Ronning, Willmar, for respondent.

Robert D. Stoneburner, Paynesville, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and HUSPENI, and NIEREN-GARTEN, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal from the trial court's order denying defendant-appellant's post-trial motion for a judgment of acquittal or a new trial. A jury found appellant guilty of speeding in violation of Minn.Stat. § 169.14, subd. 5 (1982).

The original complaint, however, charged appellant with violation of Minn.Stat. § 169.14, subd. 2 (1982). On the second day of trial, after the state had rested its case, appellant moved for dismissal. The state was permitted to amend the complaint and charge appellant with a subdivision 5 violation. Appellant maintains the amendment caused surprise which he could not have prevented by ordinary prudence. Appellant also challenges the admissibility of the radar reading obtained by the police officer. We reverse.

## FACTS

Officer Timothy Manuel is a police officer for the City of Willmar. He is certified as a police officer by the State of Minnesota and has been a certified radar operator since April 13, 1979.

On May 5, 1983, at approximately 8:25 p.m., officer Manuel was monitoring the speed of traffic on County Road 24 from a parking lot of Willmar Vocational Technical School. He observed appellant's Kawasaki 750 c.c. motorcycle turning onto County Road 24, heading towards his position. He monitored it on radar for 4–6 seconds and locked the radar in at a 55 m.p.h. reading. When appellant was informed he was being cited for speeding, he disputed the citation. He told Officer Manuel he had been watching the bike's speedometer and knew he was under the speed limit. Appellant was invited into the squad car and shown the radar readout. The parties dispute whether the readout registered 53 or 55 m.p.h. The record does not establish which governmental agency approved the 40 m.p.h. speed limit or which agency posted the signs.

The area where appellant's speed was monitored is within the city limits of Willmar and has a posted speed limit of 40 m.p.h. At trial, radar experts were called by both parties. Appellant's experts disputed the officer's placement of the radar, and the State's experts defended its placement.

The jury returned a guilty verdict against appellant for violation of Minn.Stat. § 169.14, subd. 5 (1982), speed in excess of the authorized posted speed. Appellant was originally charged with violating Minn. Stat. § 169.14, subd. 2 (1982), but the complaint was amended at trial after respondent rested.

## ISSUES

1. Whether the trial court abused its discretion by permitting amendment of the complaint after the state rested its case.

2. Whether the trial court erred in admitting evidence of the speed of appellant's cycle as indicated by the radar device.

## ANALYSIS

1. Appellant was originally charged with violating Minn.Stat. § 169.14, subd. 2 (1982). That statute provides:

> Where no special hazard exists the following speeds shall be lawful, but any speeds in excess of such limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful; except that the speed limit within any municipality shall be a maximum limit and any speed in excess thereof shall be unlawful:
>
> (1) 30 miles per hour in an urban district;
>
> (2) 65 miles per hour in other locations during the daytime;
>
> (3) 55 miles per hour in such other locations during the nighttime.

Minn.Stat. § 169.14, subd. 2 (1982). After the state rested its case, appellant moved for dismissal on the grounds the state failed to prove he drove in excess of 55 m.p.h. or at an excessive speed in an urban district. While the court still had appellant's motion to dismiss under advisement, the state moved to amend the complaint to charge appellant with violating Minn.Stat. § 169.14, subd. 5 (1982). That statute provides:

> When local authorities believe that the existing speed limit upon any street or highway, or part thereof, within their respective jurisdictions and not a part of the trunk highway system is greater or less than is reasonable or safe under existing conditions, they may request the commissioner to authorize, upon the basis of an engineering and traffic investigation, the erection of appropriate signs designating what speed is reasonable and safe, and the commissioner may authorize the erection of appropriate signs designating a reasonable and safe speed limit thereat, which speed limit shall be effective when such signs are erected. Any speeds in excess of these speed lim-

its shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful; except that any speed limit within any municipality shall be a maximum limit and any speed in excess thereof shall be unlawful. Alteration of speed limits on streets and highways shall be made only upon authority of the commissioner except as provided in subdivision 5a.

Minn.Stat. § 169.14, subd. 5 (1982). The trial court granted the motion to amend.

■ Rule 17.05 of the Minnesota Rules of Criminal Procedure governs amendment of a complaint after trial is commenced. *State v. Doeden*, 309 Minn. 544, 546, 245 N.W.2d 233, 234 (1976). The rule provides:

> The court may permit an indictment or complaint to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

Rule 17.05 Minn.R.Crim.P. Under this rule, a preverdict amendment is impermissible if it either charges a different offense or prejudices substantial rights of the defendant. *See State v. Smith*, 313 N.W.2d 429, 430 (Minn.1981).

Although no definition of different offense is found in Minnesota law, *Gerdes v. State*, 319 N.W.2d 710 (Minn.1982) provides insight. There, the Minnesota Supreme Court explained its approval of an amendment during trial as follows:

> the amendment only changed the date of the possession of the short-barreled shotgun from "on or about August 25" to "on or about July 15." This did not change a single element of the crime to be proven, other than the date of possession.

*Id.* at 712.

■ In the present matter, the original complaint charged a violation of Minn.Stat. § 169.14, subd. 2 (1982). The elements of this statute are speed in excess of 55 m.p.h. or speed in excess of 30 m.p.h. in an urban district. The amended complaint charged a violation of Minn.Stat. § 169.14, subd. 5

(1982). The elements of this statute are speed in excess of a posted speed limit which is authorized by the Commissioner of Transportation upon the basis of an engineering and traffic investigation.

Comparing the elements of the two statutory provisions, it is obvious they vary. This is true of any two statutory provisions, however. The variations between these two subdivisions alone are not significant.

There is, however, an additional consideration. Minn.Stat. § 169.06, subd. 4(c) (1982) provides:

> (c) Whenever official traffic-control devices are placed in position approximately conforming to the requirements of this chapter, such devices shall be presumed to have been so placed by the official act or direction of lawful authority, unless the contrary shall be established by competent evidence.

*Id.* Thus, under the amended charge, a presumption arose and the burden of going forward shifted to appellant. Under the original charge, no presumption arose. The state had to prove each element of the offense. Under the amended charge, however, appellant had to prove the posted speed limit was either not authorized by the Commissioner or not authorized based upon an engineering and traffic investigation. Since this burden on appellant did not arise until the complaint was amended and the complaint was amended after the close of evidence, we find the amendment charged a different offense which substantially prejudiced the rights of appellant.

2. In view of the foregoing analysis, a consideration or discussion whether the speed recorded by the radar device was properly admitted is unnecessary.

## DECISION

Appellant's conviction for violation of Minn.Stat. § 169.14, subd. 5 (1982) is reversed. Amendment of the complaint from a subdivision 2 charge to a subdivision 5 charge was error because the amendment charged a different offense which substantially prejudiced the rights of appellant.

Reversed.