STATE of Minnesota, Respondent,

v.

Robert H. MEIER, Appellant.

No. C0–84–721.

Court of Appeals of Minnesota.

Oct. 2, 1984.

Hubert H. Humphrey, III, Atty. Gen., Ed Stark, St. Paul City Atty., Arthur M. Nelson, Asst. City Atty., St. Paul, for respondent.

Robert H. Meier, pro se.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant Robert Meier, an attorney proceeding pro se, appeals his petty misdemeanor conviction for disobeying a traffic signal by going through a red light. He claims he was improperly convicted because he was never told the exact statutory subdivision he was charged with violating. We affirm.

## FACTS

Officer Gerald J. Harnden of the St. Paul Police Department was in a marked squad car when he observed the Buick ahead of him make a left turn through a red light. He issued appellant a citation for disobeying a traffic signal. The citation did not cite to a statute or ordinance.

At arraignment, the prosecution orally amended the charge to cite a violation of Minn.Stat. § 169.06 (1982). Before trial appellant moved to dismiss the charge for lack of specificity. The court then permitted the prosecutor to amend the charge to a violation of Minn.Stat. § 169.06, subd. 5(c)(1) (1982), which prohibits driving through a red light. Appellant was convicted.

## ISSUE

Did the trial court err in permitting the State to amend the charge to the specific section immediately prior to trial?

## ANALYSIS

■ Rule 17.05 of the Minnesota Rules of Criminal Procedure provides:

The court may permit an indictment or complaint to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

Here the state was permitted to amend to the specific section of 169.06 before trial began. Appellant had already been advised by citation that he disobeyed a traffic signal and no prejudice to defendant was shown by permitting the state to cite the specific section telling appellant that the signal he disobeyed was red.

■ Appellant is incorrect in stating that jeopardy had attached, since the first witness had not been sworn in this court trial. *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). Even if it had, amendments may be made if defendant is not prejudiced.

This case is factually distinguished from *State v. Manley*, 353 N.W.2d 649 (Minn. App.1984), where an amendment was permitted after the state rested which gave rise to a presumption of shifting the burden of going forward to appellant. Prejudice to Manley was evident.

In *State v. Hatlestad*, 347 N.W.2d 843 (Minn.App.1984), this court held that a "DWI" traffic citation was an adequate form of complaint to try defendant under Minn.Stat. § 169.121, subd. 1(a) and subd. 1(d), where the latter charges were clearly stated in pretrial proceedings.

## DECISION

We affirm the trial court.