**STATE of Minnesota, CITY OF ST. LOUIS PARK, Respondent,**

v.

**Thomas F. BOGREN, Appellant.**

**No. CX-86-2156.**

Court of Appeals of Minnesota.

Aug. 11, 1987.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Patrick W. Ledray, City Atty., Minneapolis, for respondent.

Thomas F. Bogren, pro se.

Considered and decided by POPOVICH, C.J., and NORTON and MULALLY,* JJ., with oral argument waived.

---

* Acting as judge of the Court of Appeals by ap-

## OPINION

EDWARD D. MULALLY, Acting Judge.

Thomas Bogren appeals from a conviction for speeding in violation of Minn.Stat. § 169.14 (1986). On appeal, he claims the evidence was insufficient to support his conviction.

## FACTS

On the afternoon of October 8, 1986, an officer with the St. Louis Park Police Department was parked monitoring traffic on Louisiana Avenue in St. Louis Park, Minnesota. He observed appellant's vehicle traveling at a speed that he estimated to be in excess of the posted 30 m.p.h. speed limit. The officer testified that he received readouts of 36 and 47 m.p.h. on his radar unit. He testified that there were no other vehicles traveling on Louisiana Avenue at that time, and received no ghost readings or other interference with the operation of the radar unit. The officer then followed appellant as he turned north on Cedar Lake Road and testified that, according to his calibrated speedometer, appellant was traveling 45 m.p.h. in an area posted 35 m.p.h. The officer then stopped appellant and ticketed him for speeding.

The officer testified that he performed external and internal calibration checks on the radar unit five times during the day of October 8, and checked the unit again after writing appellant's ticket. All of the calibration checks revealed the machine was working properly. The officer further testified that he had received certification as a radar operator through four schools in the last ten years. In addition, the State introduced photocopies of a state certificate of accuracy for the radar unit used to calibrate appellant's speed, a certificate of accuracy for the tuning forks used to calibrate the radar unit, and a speedometer verification for the squad car used by the officer.

Appellant was given an opportunity to present evidence and to cross-examine the officer regarding the events surrounding the ticketing, the officer's testing and oper-

pointment pursuant to Minn. Const. art. 6, § 2.

ation of the radar unit, and his qualifications to operate the radar unit. The trial court thereafter found appellant guilty of speeding. He appeals the conviction.

## ISSUE

Was the evidence sufficient to convict appellant of speeding?

## ANALYSIS

In cases where speed was calibrated by radar, evidentiary standards under Minn. Stat. § 169.14, subd. 10 (1986) require that the officer have sufficient operational training, that the officer testify as to the set up and operation of the radar, that the device was operated with minimal outside interference, and that the radar unit was tested by an accurate external mechanism at the time it was set up. Radar is accepted as a reliable measure of speed when there is evidence of proper testing and operation by trained personnel. *State v. Gerdes*, 291 Minn. 353, 359, 191 N.W.2d 428, 432 (1971). In addition, use of properly calibrated internal and external tuning forks serves an adequate test of radar accuracy. *State v. McDonough*, 302 Minn. 468, 470, 225 N.W.2d 259, 260 (Minn. 1975).

The officer's testimony in this case indicated the radar unit was thoroughly tested the day appellant was ticketed, and records were introduced verifying the accuracy of both the radar unit and tuning forks used in testing. The officer also testified that he was certified to operate the radar unit, and there was no outside interference with the unit as appellant's speed was calibrated.

Appellant claims that the State failed to show a lack of outside interference, that the officer's testimony was inconsistent, and that the officer's training and knowledge were inadequate. As the fact finder, the trial court was in the best position to weigh the accuracy and reliability of witness testimony. *State v. Pedersen*, 382 N.W.2d 559, 560 (Minn.Ct.App. 1986). Appellant claims he was denied the right to question whether the city was licensed by the FCC to operate the radar units. Minn. Stat. § 169.14 does not re-

quire evidence of a valid FCC license. Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence under Minn.Stat. § 169.14 to conclude appellant was guilty of speeding.

## DECISION

Affirmed.