*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0762**

State of Minnesota,
Respondent,

vs.

Salahedden K. Nakhleh,
Appellant.

**Filed November 27, 2023**
**Reversed**
**Connolly, Judge**

Martin County District Court
File No. 46-VB-23-138

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Taylor McGowan, Martin County Attorney, Fairmont, Minnesota (for respondent)

Rodd Tschida, Minneapolis, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and Hooten, Judge.[*]

**NONPRECEDENTIAL OPINION**

**CONNOLLY**, Judge

On appeal from his adjudication for petty-misdemeanor speeding in violation of Minn. Stat. § 169.14, subd. 2(a)(1) (2022), appellant argues that the evidence was

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

insufficient to prove beyond a reasonable doubt that his driving conduct occurred in an "urban district" as required by the statute under which he was cited. Because the applicable statute required respondent to prove that appellant's driving conduct occurred in an "urban district," and respondent presented no evidence at trial on this element, we reverse.

## FACTS

In February 2023, appellant Salahedden K. Nakhleh received a petty-misdemeanor citation for speeding in violation of Minn. Stat. § 169.14, subd. 2(a)(1). A bench trial was then held at which a City of Truman police officer testified that, while on routine patrol, his radar indicated that appellant's semi-truck was traveling "47 MPH . . . inside the city limits of Truman." According to the officer, the posted speed limit in the City of Truman is 30 mph. And the officer testified that, after stopping appellant's vehicle, appellant acknowledged "traveling above the posted speed limit." The district court subsequently found appellant guilty of the cited offense. This appeal follows.

## DECISION

Appellant challenges his adjudication for petty-misdemeanor speeding in violation of Minn. Stat. § 169.14, subd. 2(a)(1). He argues that, under the statute, respondent State of Minnesota was required to prove that the road on which he was traveling when he was cited for speeding was in an "urban district" as defined by Minnesota law. Appellant contends that, because respondent presented no evidence on this element of the offense, the evidence was insufficient to find him guilty of speeding under section 169.14, subdivision 2(a)(1).

Appellant's sufficiency-of-the-evidence claim turns on the meaning of Minn. Stat. § 169.14, subd. 2(a)(1), which presents us with a question of statutory interpretation that we review de novo. *Douglas v. State*, 986 N.W.2d 705, 709 (Minn. 2023). "Under the de novo standard, we do not defer to the analysis of the courts below, but instead exercise independent review." *Wheeler v. State*, 909 N.W.2d 558, 563 (Minn. 2018).

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2022). To do so, we must first determine if the statute is facially ambiguous. *Douglas*, 986 N.W.2d at 709. "A statute is ambiguous if, when interpreting words and phrases according to their plain and ordinary meanings, the court concludes that the statutory language is subject to more than one reasonable interpretation." *Id.* (quotations omitted). If a statute is unambiguous, we must follow the plain meaning of the statute. *State v. McReynolds*, 973 N.W.2d 314, 318 (Minn. 2022).

The statute under which appellant was cited provides:

> Where no special hazard exists the following speeds shall be lawful, but any speeds in excess of such limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful; except that the speed limit within any municipality shall be a maximum limit and any speed in excess thereof shall be unlawful:
>
> (1) 30 miles per hour in an urban district . . . .

Minn. Stat. § 169.14, subd. 2(a)(1). "Urban district" is defined as "the territory contiguous to and including any city street or town road that is built up with structures devoted to

business, industry, or dwelling houses situated at intervals of less than 100 feet for a distance of a quarter of a mile or more." Minn. Stat. § 169.011, subd. 90 (2022).

Appellant does not dispute that the posted speed limit in the City of Truman was 30 mph, or that he was driving in excess of the posted speed limit. But appellant argues that section 169.14, subdivision 2(a)(1) provides that "it is unlawful for a driver to travel over '30 mph in an ***urban district*.'** [It] does not say that it is unlawful for a driver to travel over 30 mph 'where a sign says so' or where 'a police officer asserts the speed limit is 30 mph.'" Thus, appellant contends that respondent "was required to prove beyond a reasonable doubt that the relevant roadway constituted an 'urban district' as defined by Minnesota law."

We agree. A careful review of the statute under which appellant was cited reveals no language referencing a *posted* speed limit. *See* Minn. Stat. § 169.14, subd. 2(a)(1). Instead, the plain and unambiguous language of the statute provides that "any speeds in excess" of "30 miles per hour in an urban district" are "prima facia evidence that the speed is not reasonable or prudent and that it is unlawful." *Id.* This language provides a rebuttable presumption that speeds in excess of "30 miles per hour in an urban district" are unreasonable and unlawful. *Id.*

The statute then provides the following exception: "except that the speed limit within any municipality shall be a maximum limit and any speed in excess thereof shall be unlawful." *Id.* This language imposes strict liability for a violation of the speed limits listed in section 169.14, subdivision 2(a)(1)-(8), if the speed-limit violation occurs "within any municipality." *Id.* But without any language referencing a posted speed limit, the

4

specific statute under which appellant was cited required respondent to prove that appellant was traveling in excess of 30 miles per hour in an *urban district*. *See id.*

In addition to the plain language of the statute, *State v. Manley*, 353 N.W.2d 649 (Minn. App. 1984), indicates that "urban district" is an element of Minn. Stat. § 169.14, subd. 2(a)(1). In that case, the defendant was cited for speeding under Minn. Stat. § 169.14, subd. 2 (1982),[1] after a police officer's radar measured the defendant's speed at 55 miles per hour within the city limits of Wilmar, which had a posted speed limit of 40 miles per hour. *Manley*, 353 N.W.2d at 650-51. The matter proceeded to a jury trial and, after the state rested, the defendant moved for dismissal on the grounds that the state failed to prove that the defendant drove in excess of 55 miles per hour or at an excessive speed in an urban district. *Id.* at 651. While the defendant's motion to dismiss was still under advisement, the state moved to amend the complaint to charge the defendant with violating Minn. Stat. § 169.14, subd. 5 (1982).[2] *Id.* The district court granted the motion to amend, and the jury

---

[1] Minnesota Statutes section 169.14, subdivision 2 (1982) provided:

> Where no special hazard exists the following speeds shall be lawful, but any speeds in excess of such limits shall be prima facia evidence that the speed is not reasonable or prudent and that it is unlawful; except that the speed limit within any municipality shall be a maximum limit and any speed in excess thereof shall be unlawful:
>
> (1) 30 miles per hour in an urban district;
> (2) 65 miles per hour in other locations during the daytime;
> (3) 55 miles per hour in such other locations during the nighttime.

[2] This statute provides:

subsequently found the defendant guilty of violating section 169.14, subdivision 5. *Id.* at 650-51.

On appeal, the defendant argued that the district court abused its discretion by permitting the amendment of the complaint after the state rested its case. *Id.* at 650. This court agreed, concluding that the "[a]mendment of the complaint from a subdivision 2 charge to a subdivision 5 charge was error because the amendment charged a different offense which substantially prejudiced the rights of [the defendant]." *Id.* at 652. In reaching this conclusion, this court recognized that the "elements of [Minn. Stat. § 169.14, subd. 2 (1982)] are speed in excess of 55 m.p.h. *or speed in excess of 30 m.p.h. in an urban*

_____

When local authorities believe that the existing speed limit upon any street or highway, or part thereof, within their respective jurisdictions and not part of the trunk highway system is greater or less than is reasonable or safe under existing conditions, they may request the commissioner to authorize, upon the basis for an engineering and traffic investigation, the erection of appropriate signs designating what speed is reasonable and safe, and the commissioner may authorize the erection of appropriate signs designating a reasonable and safe speed limit threat, which speed limit shall be effective when such signs are erected. Any speeds in excess of these speed limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful; except that any speed limit within any municipality shall be a maximum limit and any speed in excess thereof shall be unlawful. Alteration of speed limits on streets and highways shall be made only upon authority of the commissioner except as provided in subdivision 5a.

Minn. Stat. § 169.14, subd. 5 (1982).

6

*district*," which varied from the elements of section 169.14, subdivision 5. *Id.* at 651-52 (emphasis added).

The language of the current version of section 169.14, subdivision 2(a)(1), is identical to the language of the statute discussed in *Manley*. *Compare* Minn. Stat. § 169.14, subd. 2(a)(1) (2022), *with* Minn. Stat. § 169.14, subd. 2 (1982). And this court in *Manley* stated that an element of the statute is "speed in excess of 30 m.p.h. in an urban district." 353 N.W.2d at 651-52. The decision in *Manley* is consistent with the plain language of section 169.14, subdivision 2(a)(1). We therefore conclude that respondent was required to prove that appellant was driving in excess of 30 miles per hour in an urban district.

Respondent acknowledges that "Minn. Stat. § 169.14, subd. 2(a)(1), makes no mention of signage." But respondent contends that "other provisions within that section indicate that speed-limit signs set the enforceable speeds at a given location." Respondent argues that "[t]o suggest that speed-limit signs are immaterial in certain circumstances but indispensable in others creates an inconsistency within the enforcement of the various speed limits set within Minn. Stat. § 169.14." Thus, respondent contends that "[a]n examination of the entirety of [section] 169.14 indicates that the designation of the roadway need not be established where the speed limit is otherwise posted."

We recognize that, when analyzing statutory language, the statute is read as a whole, and each section is to be interpreted in light of the surrounding sections in order to avoid conflicting interpretations. *See Am. Fam. Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000). But a review of section 169.14, as a whole, demonstrates that there is no language in the statute stating that all speed limits in Minnesota are established by posted

7

signage. Instead, the speed limits in Minnesota are established by section 169.14, subdivision 2(a)(1)-(8), based upon differing types of roadways or highways. *See* Minn. Stat. § 169.14, subd. 2(a). Specifically, subdivision 2(a) provides that the following speeds are unlawful:

> (1) 30 miles per hour in an urban district;
> (2) 65 miles per hour on noninterstate expressways, as defined in section 160.02, subdivision 18b, and noninterstate freeways, as defined in section 160.02, subdivision 19;
> (3) 55 miles per hour in locations other than those specified in this section;
> (4) 70 miles per hour on interstate highways outside the limits of any urbanized area with a population of greater than 50,000 as defined by order of the commissioner of transportation;
> (5) 65 miles per hour on interstate highways inside the limits of any urbanized area with a population of greater than 50,000 as defined by order of the commissioner of transportation;
> (6) ten miles per hour in alleys;
> (7) 25 miles per hour in residential roadways if adopted by the road authority have jurisdiction over the residential roadway; and
> (8) 35 miles per hour in a rural residential district if adopted by the road authority having jurisdiction over the rural residential district.

*Id.* These speed limits provide a uniform system of speed limits in Minnesota that put drivers on notice of the speed limit on a particular type of road regardless of whether there is a posted speed limit.

However, the road authority having jurisdiction over a type of roadway may change the speed limit as established in section 169.14, subdivision 2(a). *See, e.g.*, Minn. Stat. § 169.14, subds. 4, 5 (2022). In such situations, the new speed limit "shall be effective" when appropriate signs designating a reasonable and safe speed limit are erected. *Id.* In

fact, clauses (7) and (8) of subdivision 2(a) specifically contemplate changes in the uniform speed limits by the appropriate road authority because those clauses provide that the speed limits adopted in those clauses do not become "effective unless the road authority has erected signs designating the speed limit." Minn. Stat. § 169.14, subd. 2(b)-(c). In these situations, it is necessary to require signs posting the speed limit because the roadway authority has changed the uniform speed limit on that particular road or highway.

Nevertheless, the references to posted speed limits in section 169.14 are specific to the clauses where the uniform speed limits have been changed. And there is no indication in section 169.14 that signs be posted on every road establishing the speed limit. *See generally* Minn. Stat. § 169.14. Rather, the speed limits are established by Minn. Stat. § 169.14, subd. 2(a), making posted signs generally unnecessary because it is well settled that all members of society are presumed to know the law. *See State v. Jacobson*, 697 N.W.2d 610, 615 (Minn. 2005) ("It is assumed that all members of an ordered society are presumed either to know the law or, at least, to have acquainted themselves with those laws that are likely to affect their usual activities." (quotation omitted)). As such, section 169.14, when read as whole, does not support respondent's position that the designation of the roadway need not be established where the speed limit is otherwise posted.

Respondent also contends that "[t]o the extent that Minn. Stat. § 169.14, subd. 2(a), is ambiguous, requiring the State to prove the location of the offense meets the statutory definition is contrary to the Legislature's intent" and produces an absurd result. But as stated above, section 169.14, subdivision 2(a), is unambiguous and, therefore, there is no need to resort to statutory construction. *See State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d

695, 701 (Minn. 1996) (stating that if a statute, construed according to ordinary rules of grammar, is unambiguous, a court may engage in no further statutory construction and must apply its plain meaning). Moreover, the plain language of Minn. Stat. § 169.14, subd. 2(a)(1), requires the state to prove that the offender exceeded 30 mph in an urban district in order for the offender to be found guilty of that offense. The fact that respondent does not believe that proof of an urban district is an element of the offense does not make such an interpretation of section 169.14, subdivision 2(a)(1), absurd.

Respondent further argues that caselaw demonstrates that "failure to abide by the posted speed limit is sufficient for prosecution under Minn. Stat. § 169.14, subd. 2(a)(1)." We disagree. In *State, City of St. Louis Park v. Bogren*, cited by respondent, the offender's sufficiency-of-the-evidence challenge to his adjudication for speeding centered on the claim that the state "failed to show a lack of outside interference, that the officer's testimony was inconsistent, and that the officer's training and knowledge were inadequate." 410 N.W.2d 383, 385 (Minn. App. 1987). There is nothing in that case indicating that the offender raised a challenge similar to the challenge raised here. Similarly, the issues raised in *State v. Wood*, 845 N.W.2d 239 (Minn. App. 2014), *rev. denied* (Minn. June 17, 2014), also cited by respondent, are vastly different from the sufficiency-of-the-evidence challenge raised by appellant in this case. And as addressed above, this court in *Manley*, specifically stated that "speed in excess of 30 m.p.h. in an urban district" is an element of Minn. Stat. § 169.14, subd. 2(a)(1). 353 N.W.2d at 651.

Because speed in excess of 30 mph in an urban district is an element of the offense under which appellant was cited, there must be evidence demonstrating that the roadway

on which appellant was traveling was located in an urban district as defined in Minn. Stat. § 169.011, subd. 90. The record reflects that no such evidence was produced. In fact, respondent does not argue otherwise. Therefore, we conclude that the evidence presented at trial was insufficient to sustain appellant's adjudication for petty misdemeanor speeding in violation of Minn. Stat. § 169.14, subd. 2(a)(1).

**Reversed.**